# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FOREMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF THOMAS DART and COOK COUNTY, ILLINOIS,<br><br>    Defendants. | Case No. 12 C 6407<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Christopher Foreman (hereinafter, "Foreman" or "Plaintiff"), an African American male, is employed by the Cook County Sheriff's Department ("CCSD") as a Correctional Officer. He has been so employed since 2000, currently in the External Operations Division. Correctional Officers are subject to CCSD General Orders. Specifically, General Order No. 4.5 requires personnel to report the issuance of Orders of Protection lodged against them within five (5) working days. On August 27, 2009, the Personnel Department of CCSD issued a memorandum announcing a requirement that any employee charged with the offense of either domestic battery or other battery must undergo a "Fitness for Duty Evaluation."

On March 22, 2010, an Order of Protection for Foreman's ex-wife, was issued against Foreman, by the Circuit Court of Will

County.  The Order identified Foreman as being armed and, when his ex-wife appeared at his residence with his daughter, he pointed a gun at his daughter.  In accordance with the General Order, he duly notified the Department within the required five (5) working days.  The report was then forwarded to the Office of Professional Review (the "OPR") for appropriate action.  The OPR is an autonomous division of the CCSD.  On April 12, 2010, the OPR filed a Complaint against him based on the Order of Protection and an investigation was initiated.

Upon notice of the issuance of the Order of Protection, the Department issued an order de-deputizing Foreman and removed his authorization to carry a weapon while the investigation was proceeding.  Foreman was also ordered to undergo a Fitness for Duty Evaluation, which included a psychological component.  The Employees Assistance Program ("EAP") is designed to assist employees who have been ordered to take a fitness for duty evaluation.  Foreman consulted with the EAP and proceeded to take the Fitness for Duty Evaluation on April, 1, 2010.

On the same date Foreman appeared in Will County Court and the Order of Protection was dismissed.  However, the Plaintiff was not cleared to be returned to work until the results of the Fitness for Duty Evaluation was reported to the Department.  The Director of Personnel, Rosemarie Nolan ("Nolan"), was notified that Plaintiff was cleared to return to work on April, 21, 2010, and he was

authorized to return on May 2, 2010.  However, he was still on a de-deputized status so that he was not authorized to carry a weapon.  He was assigned to the same division of the jail with the same shift schedule, duties, and responsibilities that he had prior to being de-deputized.  He was re-deputized on November 30, 2010. The OPR completed its investigation on February 15, 2011, with the finding that allegation of misconduct was not sustained.  There was no explanation given of why the investigation took as long as it did.

Foreman contends that neither General Order 4.5 nor the August 27, 2009 policy implementation required his de-deputization or the need to undergo the Fitness for duty evaluation.  He further contends that these two requirements were foisted upon him because of his race.  He further contended that he lost money because he was off the payroll from March 24, 2010 until May 14, 2010, although he was given "Time Due" credit for the time on administrative leave.  His de-deputized status caused him embarrassment, humiliation, and degradation of his professional reputation. He also claims that he was deprived of the opportunity to earn overtime pay.  He has filed a suit against Cook County and the Sheriff for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.*  Defendants have moved for summary judgment.

## II. DISCUSSION

The basis for Foreman's claim is his assertion that he, an African-American, was de-deputized and made to undergo a Fitness for Duty examination under circumstances while white employees under similar circumstances were treated more favorably. While he bases his claims under both the direct and indirect methods of proof for Title VIII claims, his main claim is under the indirect method because he puts forth absolutely no direct evidence of any racial animosity. *Nagle v. Village of Calumet Park,* 554 F.3d 1106. 1122. (7the Cir. 2009). Under the indirect method, a plaintiff must show that there is someone who is directly comparable to him in all material respects except for membership in the protected class. *Antonetti v. Abbott Laboratories,* 503 F.3d 587, 592 (7th Cir. 2009)

In support of the indirect method he contends that Officer Peter Katalinic ("Katalinic"), a white officer, is a comparator which demonstrates that he, an African American, was treated less favorably even under more favorable conditions. That is, Katalinic, who was charged criminally with domestic violence, was not required to submit to such a Fitness Exam. However, there are a host of reasons that differentiate Katalinic's case from Foreman's. First, there was a different Sheriff in office: Michael Sheehan was Sheriff at time of Katalinic's arrest, while Tom Dart was Sheriff at the time of Foreman's Order. The

requirement of a Fitness Exam was not adopted until 2009, four years after Katalinic's arrest in 2005.  Katalinic was required to see the Employee Assistance Program to determine whether a fitness for duty examination was warranted in his case and the record is silent as to whether he was or was not required to submit to such an exam.  Furthermore, charges were filed against Katalinic by the Sheriff's Merit Board but not against Foreman.  The Merit Board suspended Katalinic for 180 days but Foreman was not suspended.  Katalinic was referred by the EAP to a doctor at Little Company of Mary Hospital for extensive treatment for alcoholism.  Subsequent to one month of treatments of five days per week, he was referred to another doctor at the McGrath Clinic for continued treatment on a biweekly basis.  The last doctor gave him a release to return to work which the Board apparently accepted.  It is readily apparent that there are such differences between the Katalinic case and Foreman's that he cannot claim any remote comparison.  Since the rule requiring the Fitness Exam was adopted in 2009, it cannot be argued that the Sheriff added the requirement in order to be able to force Foreman to undergo one.

It certainly can be argued that the requirement of the Fitness Exam by its specific wording did not apply to Foreman:  it specifies that it is applicable for the crime of "domestic battery or other battery."  According to the complaint filed by Foreman's ex-wife, his crime was Aggravated Assault rather than Battery, but,

like Battery, Aggravated Assault is also a Class A misdemeanor. *See,* 720 ILCS 5/12-2(1). So both are similar and it is hard to make the case that for this reason alone such a distinction amounts to unlawful discrimination. Moreover, although Foreman contends that the rule didn't apply to him he did make the claim based on Aggravated Assault rather than Battery.

The second problem with Foreman's claim is that there is absolutely no evidence of discriminatory intent or pretext. First, as stated above, the Administrative modification requiring the Fitness Exam was adopted prior to Foreman's incident. It was referred to the OPR for investigation which took an extraordinarily long time to complete, but the Board is autonomous within the office of the Sheriff so it is hard to claim that this was due to racial discrimination. The fact of the matter is that the Order of Protection contained a very serious charge of domestic violence. It would be improper for the investigators not to take it seriously. Their investigation does appear to have taken an excessively long period to complete but Foreman was back to work albeit without the right to carry an arm and without being re-deputized. Foreman argues that the Complaint was dismissed almost immediately but failure of a complainant of domestic violence to press the suit is not unusual. *Http://www.tdcaa.com/node/7380.* Therefore, it would not be unreasonable for the OPR to conduct an investigation despite of the results in court.

Foreman himself seems to have realized that there was no racial component involved in his case.  He was asked if he had any evidence that the test requirement was based on race.  His response indicated that if his name was Dart (the Sheriff) or Godinez (Executive Director of the Department of Corrections) he would not have been made to undergo a Fitness Exam.  This seems to put the blame on his lack of political clout rather than his race.  This is reinforced by his pointing out that Sheriff Dart was a defendant in a number of *Shakman* discrimination cases.  The short of the matter is that there is absolutely no evidence that the CCSD took any action against Foreman for a racial discriminatory reason.

This is an unfortunate case as far as Foreman is concerned.  However, the fault for his predicament lies with the actions of his apparently vindictive ex-wife and he cannot now blame the Sheriff.

### III.  CONCLUSION

For the reasons stated herein, Defendants' Motions for Summary Judgment is granted and the case is dismissed.

**IT IS SO ORDERED.**

                                                                                    _____
                                                                                    Harry D. Leinenweber, Judge
                                                                                    United States District Court

Date:9/22/2014